UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERICA GREEN,

    Plaintiff,

v.                                                  Case No. 8:23-cv-1039-TPB-AAS

INTUIT, INC.,

    Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S "MOTION TO DISMISS PLAINTIFF'S COMPLAINT"**

This matter is before the Court on "Defendant's Motion to Dismiss Plaintiff's Complaint," filed on June 2, 2023. (Doc. 6). On June 7, 2023, Plaintiff filed a response in opposition to the motion. (Doc. 9). After reviewing the motion, response, court file, and the record, the Court finds as follows:

**Background**[1]

Plaintiff Erica Green worked for Defendant Intuit, Inc. as a season tax associate until she was terminated in February 2022. (Doc. 6). Plaintiff alleges she was terminated after being wrongly accused of claiming sick time on a day she was not working because she is a black woman who suffers from several disabilities that significantly limit her daily activities, including asthma and migraines.

---

[1] The Court accepts as true the facts alleged in the complaint for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

As Plaintiff in this case is proceeding *pro se*, the Court more liberally construes the pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018). However, a *pro se* plaintiff must still conform with procedural rules and the Court

does not have "license to act as *de facto* counsel" on behalf of a *pro se* plaintiff. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).

## Analysis

Defendant seeks to dismiss Plaintiff's complaint as a shotgun pleading. In addition, Defendant also argues that Plaintiff fails to state a claim for libel in Count III and seeks dismissal with prejudice.

### *Shotgun Pleading*

Defendant first argues that the complaint constitutes a shotgun pleading. A shotgun pleading is one where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief" and the defendant therefore cannot be "expected to frame a responsive pleading." *See Anderson v. Dist. Bd. Of Trustees of Cent. Fla. Cmty. College*, 77 F.3d 364, 366 (11th Cir. 1996). The Eleventh Circuit has identified four primary types of shotgun pleadings, including:

(1) complaints containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;

(2) complaints that do not commit the mortal sin of re-alleging all preceding counts but are guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;

(3) complaints that commit the sin of not separating into a different count each cause of action or claim for relief; and

(4) complaints that assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which actions or omissions, or which of the defendants the claim is brought against.

*See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322-23 (11th Cir. 2015). A district court must generally permit a plaintiff at least one opportunity to amend a shotgun complaint's deficiencies before dismissing the complaint with prejudice. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018).

Plaintiff's complaint contains counts that reallege all prior claims before it, committing the "mortal sin" described in prong one of *Weiland*. *See* 792 F.3d at 1322-23. More specifically, Counts II and III incorporate all preceding paragraphs, thereby incorporating all prior claims. This constitutes a shotgun pleading. This defect alone would result in the Court's dismissal of the complaint.

Plaintiff's complaint also commits the "sin" of not separating each cause of action or claim for relief into a different count. Count I alleges both racial discrimination under Title VII of the Civil Rights Act and disability discrimination under the Americans with Disabilities Act (ADA). This improper mixing of claims makes it difficult for Defendant to respond appropriately and present defenses, and for the Court to appropriately adjudicate this case. In any amended complaint, Plaintiff should separate each cause of action into separate counts.

*Libel Claim*

Defendant also seeks to dismiss with prejudice Plaintiff's libel claim in Count III. Upon review, the Court finds that Plaintiff's libel claim is insufficiently pleaded.

To succeed on a libel claim, a "plaintiff must allege that '(1) the defendant published a false statement (2) about the plaintiff, (3) to a third party, and (4) the falsity of the statement caused injury to the plaintiff.'" *Alan v. Wells Fargo Bank*,

604 F. App'x 863, 865 (11th Cir. 2015) (quoting *Valencia v. Citibank Int'l*, 728 So. 2d 330, 330 (Fla. 3d DCA 1999)).  Here, Plaintiff references only two communications to support her libel claim: (1) direct e-mails and Slack messages between herself and Defendant, and (2) statements made by Defendant in filings with the Equal Employment Opportunity Commission ("EEOC").

First, considering allegedly defamatory statements in e-mails or Slack messages, the complaint is not entirely clear as to the recipients of the allegedly defamatory communications.  The communications that Plaintiff attaches to her complaint appear to be direct communications between Plaintiff and Defendant, with no other parties copied.  Any direct communications between Plaintiff and Defendant that were not distributed to a third party would not be actionable.  *See Clowdus v. Am. Airlines, Inc.*, No. 22-14053, 2023 WL 5011731, at *4 (11th Cir. Aug. 7, 2023) ("Under Florida law, when the entity that allegedly committed defamation is a corporation, 'statements made to corporate executive or managerial employees of that entity are, in effect, being made to the corporation itself, and thus lack the essential element of publication.'") (quoting *Am. Airlines v. Geddes*, 960 So. 2d 830, 833 (Fla. 3d DCA 2007)).

Although a plaintiff is generally not required to specifically identify third parties who received defamatory publications to state a claim, because Plaintiff's own exhibits have highlighted this issue, the Court will require Plaintiff to plead her libel claim with more specificity.  In any amended complaint, Plaintiff should more precisely identify any third parties that received the allegedly defamatory statements.

Next, considering statements in the EEOC filings, the complaint again lacks clarity. Plaintiff attaches two documents related to EEOC filings – a statement of position sent by Defendant to the EEOC investigator and a response to the EEOC's request for information. Statements made in EEOC filings are generally afforded absolute immunity and cannot give rise to liability for a libel claim. *Diamond Resorts Int'l, Inc. v Aaronson*, 371 F. Supp. 3d 1088, 1110-11 (M.D. Fla. 2022) ("Florida's litigation privilege provides absolute immunity to statements or acts . . . made or committed in judicial or quasi-judicial proceedings . . .."); *Suarez v. School Bd. of Hillsborough Cty. Fla.*, No. 8:13-cv-01238-EAK-MAP, 2014 WL 1946536, at *3 (M.D. Fla. May 14, 2014) (holding that absolute immunity applicable to allegedly defamatory statements made during EEOC investigation as a quasi-judicial proceeding). In this case, it appears that the attached communications made during the EEOC investigation were published for the purpose of and were relevant to the EEOC proceedings, and it is therefore unlikely that Plaintiff will be able to state a libel claim based on these communications. However, in an abundance of caution, the Court will grant leave to amend.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Defendant's Motion to Dismiss Plaintiff's Complaint" (Doc. 6) is **GRANTED**.

(2) The complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**, with leave to amend.

(3) Plaintiff is directed to file an amended complaint, if she may do so in good faith, to cure the defects identified in this Order on or before October 23, 2023. Failure to file an amended complaint as directed will result in this Order becoming a final judgment. *See Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719-20 (11th Cir. 2020).

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 5th day of October, 2023.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**