UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERICA GREEN,

      Plaintiff,

v.                                                Case No.  8:23-cv-1039-TPB-AAS

INTUIT, INC.,

      Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on "Defendant, Intuit Inc.'s, Motion to Dismiss Plaintiff's Third Amended Complaint," filed on November 10, 2023. (Doc. 37). On November 20, 2023, Plaintiff filed a response in opposition to the motion. (Doc. 39). After reviewing the motion, response, court file, and the record, the Court finds as follows:

### Background[1]

Plaintiff Erica Green, a black woman who suffers from several disabilities that significantly limit her daily activities, worked for Defendant Intuit, Inc., as a seasonal tax associate until she was terminated in February 2022. (Doc. 34).

---

[1] The Court accepts as true the facts alleged in Plaintiff's complaint for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Plaintiff alleges she was terminated after being wrongly accused of claiming sick time on a day she was not working and after reporting as hours worked time that she used to complete mandatory training.  She alleges that Defendant permitted other employees, who were not disabled black women, to report training hours as hours worked without terminating them.  Plaintiff also asserts that after she filed a complaint of discrimination with Defendant's human resources department, Defendant terminated her employment.

Plaintiff filed the instant lawsuit, asserting claims of racial and disability discrimination under Title VII of the Civil Rights Act and the Florida Civil Rights Act ("FCRA") (Counts I and II), discrimination under the Americans with Disabilities Act ("ADA") and the FCRA (Count III), and retaliation under Title VII and the Florida Private Whistleblower Act ("FPWA") (Count IV (improperly named Count VI)).  Defendant seeks to dismiss Plaintiff's complaint, arguing that it fails to state a claim, she has failed to exhaust her administrative remedies for her FCRA claims, and the complaint is a shotgun pleading.

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief."  Fed. R. Civ. P. 8(a).  While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In order to survive a motion to dismiss, factual

allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, No. 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

As Plaintiff in this case is proceeding pro se, the Court more liberally construes the pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). However, a pro se plaintiff must still conform with procedural rules and the Court does not have "license to serve as de facto counsel" on behalf of a pro se plaintiff. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).

## Analysis

### *Failure to State a Claim*

#### Discrimination

Plaintiff alleges intentional discrimination under Title VII and the ADA. Defendant moves to dismiss, arguing that Plaintiff fails to state a claim for

discrimination. Title VII prohibits an employer from discriminating against individuals with respect to compensation, terms, conditions, or privileges of employment because of their race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). The FCRA also prohibits an employer from discriminating against an employee with respect to the terms and conditions of employment based on race, color, religion, sex, or national origin. § 760.10(1)(a), *F.S.* Because the FCRA is modeled on Title VII, FCRA discrimination claims are analyzed using the Title VII framework. *Jones v. United Space All., LLC*, 494 F.3d 1306, 1310 (11th Cir. 2007).

The ADA prohibits an employer from "discriminat[ing] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions and privileges of employment." 42 U.S.C. §12112(a). The FCRA prohibits an employer from discriminating against an employee because of her disability. § 760.10(1)(a), *F.S.* FCRA disability discrimination claims are analyzed using the ADA framework. *Holly v. Clairson Indus., L.L.C.,* 492 F.3d 1247, 1255 (11th Cir. 2007) (citing *D'Angelo v. ConAgra Foods, Inc.*, 422 F.3d 1220, 1224 n.2 (11th Cir. 2005)).

Although a plaintiff does not need to plead a prima facie case to survive a motion to dismiss, she must allege sufficient facts to plausibly suggest intentional discrimination. *See, e.g., Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 510-11 (2002); *Booth v. City of Roswell*, 754 F. App'x 834, 836-37 (11th Cir. 2018). Here, Plaintiff's complaint alleges sufficient facts to plausibly suggest intentional discrimination.

Plaintiff alleges she is a black woman with disabilities and that Defendant terminated her for reporting as hours worked time she used to complete mandatory training. She also alleges that other employees of the Defendant who were not black women with disabilities were permitted to report the hours they used to complete mandatory training as hours worked, while Defendant declined to allow the same for her. Plaintiff's allegations under Title VII, the ADA, and the FCRA are sufficient to plausibly suggest discrimination. The motion to dismiss is therefore denied as to this ground.[2]

Retaliation

To state a claim for retaliation under Title VII, a plaintiff must allege and prove: (1) she engaged in statutorily protected activity, (2) she suffered an adverse employment action, and (3) there is a causal connection between the protected conduct and adverse action. *Davis v. Orange Cty.*, No. 6:22-cv-2222-PGB-EJK, 2023 WL 4743586, at *6 (M.D. Fla. July 25, 2023) (citing *Wideman v. Wal-Mart Stores, Inc.*, 141 F.3d 1453, 1454 (11th Cir. 1998)).

---

[2] Plaintiff's complaint alleges in passing that Defendant created a "hostile work environment." Plaintiff has not pled any facts remotely meeting the standard required to allege a hostile work environment claim, which requires a workplace "permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *See Tonkyro v. Sec'y, Dep't of Veterans Affairs*, 995 F.3d 828, 836-37 (11th Cir. 2021) (internal quotations omitted). Accordingly, a hostile work environment claim is not part of this case. Any further amended complaint should not include references to harassment or a hostile work environment unless Plaintiff sets forth specific facts meeting the stringent requirements for hostile work environment. *See, e.g., Carter v. Cellco P'ship*, No. 8:15-cv-1033-T-17EAJ, 2016 WL 8981056, at *4-5 (M.D. Fla. Mar. 23, 2016).

Plaintiff alleges that after Defendant placed her under investigation for falsely reporting her time worked, she filed a complaint of discrimination with Defendant's HR department. Defendant subsequently terminated Plaintiff's employment. Although the time frame is not clear from the complaint, it appears that her termination was relatively close in time to Plaintiff's filing of the internal complaint. Termination constitutes an adverse employment action. *Freytes-Torres v. City of Sanford*, 270 F. App'x 885, 893 (11th Cir. 2008). Plaintiff alleges her termination was in retaliation for her discrimination complaint. Plaintiff's complaint alleges sufficient facts to plausibly suggest retaliation. Accordingly, the motion to dismiss is denied as to this ground.

***Exhaustion of Remedies***

Defendant also seeks dismissal of Plaintiff's FCRA claims based on a failure to exhaust administrative remedies. Defendant argues that because Plaintiff's EEOC charge referenced only federal statutes and did not make any reference to state law violations, Plaintiff failed to exhaust her administrative remedies under the FCRA. In her response, Plaintiff noted that she dual-filed her charge of discrimination with the Florida Commission on Human Relations and the EEOC. Therefore, she argues, she properly exhausted her administrative remedies.

This Court recently addressed this issue in *Narvaez v. Florida Health Sciences Center*, No. 8:23-cv-2195-TPB-NHA, 2024 WL 167260, at *4 (M.D. Fla. Jan. 16, 2024), noting a conflict in Florida case law. In *Belony v. North Broward Hospital District*, 374 So. 3d 5, 7-8 (Fla. 4th DCA 2023), the Fourth District Court of

Appeal concluded that the trial court lacked subject matter jurisdiction because the plaintiff failed to exhaust his administrative remedies under the FCRA where his EEOC discrimination charge alleged only a violation of Title VII and did not refer to any state law violation. *Id*. On the other hand, in *Ramos v. Steak N Shake, Inc.*, – So. 3d –, 2023 WL 8791666 (Fla. 2d DCA Dec. 20, 2023), Florida's Second District Court of Appeal reached the opposite conclusion, holding that a plaintiff who dual-filed with the EEOC and Florida's Commission on Human Relations properly exhausted his administrative remedies under the FCRA. The court certified conflict with the Fourth District Court of Appeal's *Belony* opinion. *Id*. at *3-4.

Due to the DCA conflict and certification to the Florida Supreme Court, the Court will proceed as it did in *Narvaez* and deny the motion to dismiss without prejudice as to this argument, which may be raised at a later stage of the proceedings. Perhaps by that time, the Florida Supreme Court will have provided a definitive answer on this important issue of state law.[3] If not, the Court may still be in a better position to analyze how the Florida Supreme Court may decide the issue at that time.

### *Shotgun Pleading*

Defendant argues that the complaint constitutes a shotgun pleading because it fails to separate each cause of action into separate counts, making it difficult to determine which cause of action is contained in each count. Further, Defendant

---

[3] "[A]bsent a decision from the state supreme court on an issue of state law, [a federal court] is bound to follow decisions of the state's intermediate appellate courts unless there is some persuasive indication that the highest court of the state would decide the issue differently." *McMahan v. Toto*, 311 F.3d 1077, 1080 (11th Cir. 2002).

argues that because this Court already granted Plaintiff one opportunity to fix the deficiencies in her complaint, this action should now be dismissed with prejudice.

A shotgun pleading is one where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief" and the defendant therefore cannot be "expected to frame a responsive pleading." *See Anderson v. Dist. Bd. Of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). The Eleventh Circuit has identified four primary types of shotgun pleadings, including:

> (1) complaints containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;
>
> (2) complaints that do not commit the mortal sin of re-alleging all preceding counts but are guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;
>
> (3) complaints that commit the sin of not separating into a different count each cause of action or claim for relief; and
>
> (4) complaints that assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which actions or omissions, or which of the defendants the claim is brought against.

*See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). A district court must generally permit a plaintiff at least one opportunity to amend a shotgun complaint's deficiencies before dismissing the complaint with prejudice. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018).

Plaintiff's latest complaint commits the "sin" of failing to separate each cause of action or claim for relief into a different count. A claim under Title VII or under the ADA and a corresponding claim under the FCRA, although similar, constitute distinct causes of action. See *Patsalides v. City of Fort Pierce*, No. 15-14431-CIV-GRAHAM, 2016 WL 11503007, at *2 (S.D. Fla. Aug. 12, 2016) ("Although the FCRA is substantially similar to the relevant parts of Title VII, they are not identical."). These claims should not be combined in a single count. *See Hernandez v. Careersource Palm Beach Cty., Inc.*, No. 22-cv-81149-Cannon/McCabe, 2023 WL 4348864 at *2 (S.D. Fla. May 4, 2023). Plaintiff's third amended complaint violates this principle. Count I alleges racial discrimination under both Title VII and under § 760.101(a). *F.S.* Count II alleges racial discrimination under both Title VII and 760.10(4), *F.S.* Count III alleges disability discrimination under both the ADA and § 760.101(b), *F.S.* Finally, Count IV alleges retaliation under Title VII and § 448.102(3), *F.S.* This improper mixing of claims makes it difficult for Defendant to respond appropriately and present defenses, and for the Court to appropriately adjudicate this case.

The complaint presents another shotgun-type problem not falling precisely into one of the four main categories. Rule 10(b) of the Federal Rules of Civil Procedure provides that a party's claims must be stated in separately numbered paragraphs, although earlier paragraphs may be incorporated by reference. The rule implicitly contemplates a single, sequential numbering of paragraphs. Plaintiff's complaint, however, begins a new sequence of numbered paragraphs after

each heading.  The complaint also fails to incorporate by reference into each count any relevant allegations from earlier in the complaint, leaving in question whether the general allegations contained on pages 1 to 11 of the complaint bear any relation to the four counts set forth on pages 11 to 34.  Plaintiff also unnecessarily repeats general allegations in each count, rather than incorporating them by reference, producing a pleading that is unnecessarily long, repetitive, and difficult to follow.

Based on the improper inclusion of different claims in the same counts and confusing paragraph numbering, the third amended complaint is dismissed as a shotgun pleading, with leave to amend.  In any further amended pleading, Plaintiff must adhere to the following instructions:

1) The complaint must contain continuously numbered paragraphs, so that each paragraph in the complaint has a unique number.

2) Claims based on separate statutes must be separated into separate counts.

3) Discrimination and retaliation claims must be separated into separate counts, even if they are based on the same statute.

4) The complaint should minimize the repetition of identical paragraphs.  Where paragraphs assert facts common to more than one count, they should be included in a section of general allegations preceding the individual counts.  The first numbered paragraph of each individual count should then reincorporate by reference those paragraphs (*and only those paragraphs*) of the general allegations section that are relevant to that particular count.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1) "Defendant, Intuit Inc.'s, Motion to Dismiss Plaintiff's Third Amended Complaint" (Doc. 37) is hereby **GRANTED** to the extent that Counts I, II, III, and IV (improperly named Count VI) of Plaintiff's Third Amended Complaint (Doc. 34) are **DISMISSED WITHOUT PREJUDICE**, with leave to amend.

2) The motion is otherwise **DENIED**.

3) Plaintiff is directed to file an amended complaint, if she may do so in good faith, to cure the defects identified in this Order on or before March 6, 2024. Failure to file an amended complaint as directed will result in this Order becoming a final judgment. *See Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719-20 (11th Cir. 2020).

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 14th day of February, 2024.

                                              **TOM BARBER**
                                              **UNITED STATES DISTRICT JUDGE**