UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERICA GREEN,

  Plaintiff,

v.               Case No.: 8:23-cv-1039-TPB-AAS

INTUIT INC.,

  Defendant.
_____/

**ORDER**

Plaintiff Erica Green, proceeding pro se, moves for spoliation sanctions against Defendant Intuit Inc. (Doc. 36). Intuit opposes Ms. Green's motion. (Doc. 38).

**I. BACKGROUND**

Ms. Green sued Intuit for claims related to employment discrimination and retaliation. (*See* Doc. 43). Intuit employed Ms. Green as a seasonal tax associate from February 5, 2021, through May 28, 2021, and from August 27, 2021, through February 14, 2022. After an internal investigation, Intuit terminated Ms. Green's employment for allegedly falsifying 17.51 hours of work from January 18, 2022, until January 28, 2022.

Ms. Green contends that a portion of the time allegedly falsified was training time. Ms. Green's Request for Production No. 15 requests production

of all documents and electronically stored information relating to Ms. Green's completion of these training courses: CGCS_6762, CGCS_6751, CGCS_6698, CGCS_6714. (Doc. 38, Ex. A). In response, Intuit produced a redacted version of Ms. Green's training history for her employment from August 2021 through her termination. Intuit redacted those courses added to Ms. Green's training history after her termination. To verify Intuit fully responded to Ms. Green's Request for Production No. 15, Intuit attached an unredacted version of Ms. Green's training history to its response. (Doc. 38, Ex. B).

Ms. Green alleges Intuit spoliated evidence because Ms. Green completed training courses not accounted for on the produced training history. (Doc. 36). In response, Intuit argues it produced Ms. Green's training history in the form it regularly maintains such records and evidence of additional training courses could not be spoliated because they were not completed during her employment. (Doc. 39).

## II. STANDARD OF REVIEW

District courts maintain broad discretion to impose sanctions, a power which "derives from the court's inherent power to manage its own affairs and to achieve the orderly and expeditious disposition of cases." *Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 944 (11th Cir. 2005) (citation omitted). In imposing sanctions for discovery abuses, such as spoliation, district courts seek

both to prevent unfair prejudice to litigants and to ensure the integrity of the discovery process. *Id.* (citation omitted). "Spoliation is the intentional destruction, mutilation, alteration, or concealment of evidence." *Arthrex, Inc. v. Parcus Med., LLC*, No. 2:10-cv-151-FtM-38DNF, 2014 WL 2742813, at *1 (M.D. Fla. June 10, 2014) (citation and quotation marks omitted). "To determine whether and what sanctions are warranted for spoliation of evidence, courts should primarily consider the extent of prejudice caused by the spoliation (based on the importance of the evidence to the case), whether that prejudice can be cured, and the culpability of the spoliator." *Oil Equip. Co. Inc. v. Mod. Welding Co. Inc.*, 661 F. App'x 646, 652 (11th Cir. 2016). In making such determination, "[d]ismissal represents the most severe sanction available to a federal court, and therefore should only be exercised where there is a showing of bad faith and where lesser sanctions will not suffice." *Flury*, 427 F.3d at 944 (citation omitted).

The party requesting spoliation sanctions establishes its burden by proving: (1) the missing evidence existed at one time; (2) the alleged spoliator had a duty to preserve the evidence; and (3) the evidence was crucial to the movant proving its prima facie case or defense. *Peeler v. KVH Indus., Inc., Co.*, No. 8:12-cv-1584-T-33TGW, 2013 WL 3871420, at *4 (M.D. Fla. July 25, 2013) (citation omitted); *see also Green Leaf Nursery v. E.I. DuPont De Nemours and*

*Co.*, 341 F.3d 1292, 1308 (11th Cir. 2003) (finding that the plaintiff must demonstrate it could not prove his cause of action because of the unavailability of the destroyed evidence). Courts do not hold the "prejudiced party to too strict a standard of proof regarding the likely contents of the destroyed evidence because doing so allows the spoliators to profit from the destruction of evidence." *S.E. Mech. Servs., Inc. v. Brody*, 657 F. Supp. 2d 1293, 1300 (M.D. Fla. 2009). However, courts do not "treat missing evidence with an adverse inference unless the circumstances surrounding the missing evidence indicates bad faith such as tampering with evidence." *Arthrex, Inc.*, 2014 WL 2742813, at *1 (citation omitted).

### III. ANALYSIS

Ms. Green requests that the court enter sanctions against Intuit for spoliation of evidence because she completed more training courses than those Intuit produced in response to Ms. Green's Request for Production No. 15. Specifically, Ms. Green references four training courses—CGCS_6762, CGCS_6751, CGCS_6698, CGCS_6714.

The unredacted and redacted versions of Ms. Green's training history show that of the four training courses Ms. Green references, Ms. Green only completed course CGCS_6698. (*See* Doc. 38, Exs. A, B). However, Ms. Green's training history also demonstrates she completed other training courses

4

during the relevant time—CGCS_6698, Course #2881, and Course #39862. (*Id.*).

Ms. Green alleges she completed a "Global AntiCorruption Training and Privacy Awareness" training with Angelica Ponce Bates labeled Intuit000046. (*See* Doc. 38, Ex. D). The training record Intuit produced reflects Ms. Green completed two courses with that title, but with different course numbers. Ms. Green contends the course number for the Global AntiCorruption training was CGCS_6714, but Ms. Green's training record shows the Global Anti-Corruption training with a course number of 39862. (*See* Doc. 36, Ex. A). Similarly, Ms. Green contends she completed a privacy awareness training, which is documented on her training history as course number 2881. (*Id.*). The produced training record reflects the names of the courses Ms. Green alleges she completed but with different course numbers. It is in dispute whether Ms. Green completed other training courses. Ms. Green failed to meet her burden that this evidence existed at one time and was destroyed by Intuit. Thus, no spoliation occurred.

In addition, Ms. Green must demonstrate the allegedly spoliated evidence was crucial to prove her prima facie case. *See Keen v. Bovie Med. Corp.*, No. 8:12-cv-305-T-24EAJ, 2013 WL 3832382 (M.D. Fla. July 23, 2013); *United States ex. rel King v. DSE, Inc.*, 8:08-cv-2426-T-23EAJ, 2013 WL 610531

5

(M.D. Fla. Jan. 7, 2013). Intuit's alleged failure to consider Ms. Green's completion of the referenced training courses is not crucial to Ms. Green's claims of racial and disability discrimination and retaliation. *See QBE Ins. Corp. v. Jordan Enterprises*, 286 F.R.D. 694, 698 (S.D. Fla. 2012) ("[d]efendant's failure to establish that the allegedly spoliated evidence was 'crucial' to its defense is alone reason to deny the motion"). In addition, the alleged training in dispute only accounts for 88 minutes.[1] However, Intuit terminated Ms. Green for allegedly falsifying 17.51 hours. Thus, even if these training courses were not properly documented, the missing trainings do not account for the remaining alleged unproductive time.

Ms. Green failed to meet her burden that the training documents she requests existed at one time and were destroyed by Intuit. *Socas v. NW Mut. Life Ins., Co.*, No. 07-20336-CIV, 2010 WL 3894142, at *4 (S.D. Fla. Sept. 30, 2010) ("the burden of proof of spoliation rests upon the [moving party]"). In addition, Ms. Green failed to establish this information, if it exists, is crucial to Ms. Green's claims against Intuit.

## IV.   CONCLUSION

Accordingly, it is **ORDERED** that Ms. Green's motion for spoliation

---

[1] According to Ms. Green's training history, course #2881 took 38 minutes to complete, course #39862 took 43 minutes to complete, and course #6698 took 7 minutes to complete. (*See* Doc. 38, Exs. A, B).

6

sanctions (Doc. 36) is **DENIED**.

    **ENTERED** in Tampa, Florida on March 21, 2024.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge